3   361
47  130

## Heath, Under-tutor *v.* Lambeth, Tutor.

Where, on the dissolution of a particular partnership by the death of one partner, the partnership was largely indebted to a commercial firm of which the surviving partner was a member, and to whom the revenues of the property were to be paid for the reimbursement of their advances, and the survivor qualifies as tutor of the minor heir of the deceased, and continues to manage the particular partnership property as surviving partner, he will not be allowed a commission of ten per cent on the gross proceeds of the sale of the crops

made by him, as commissions on the revenues of the minor under art. 342 of the Civil Code. *Per Curiam*: The defendant was administering the property of the partnership as surviving partner, and not as tutor of the minor, who, as a beneficiary heir, was only entitled to what might remain after payment of the debts. As administrator he was entitled to two-and-a-half per cent on the monies that came into his hands.

APPEAL from the District Court of Iberville, *Burk*, J. *Edwards*, for the plaintiff. *Moise* and *W. M. Randolph*, for the appellant. The judgment of the court was pronounced by

ROST, J. This action was instituted in 1843, by the under tutor of the minor, *Franklin Hudson*, to compel the defendant, who was tutor at the time, to render an account of his administration of the succession of *Silas F. Hudson*, the father of the minor. No further proceedings were had until 1846, when the defendant filed an account, which *Holmes Hutchinson*, who had in the mean time superseded him as tutor, opposed on various grounds. The court below sustained some of the oppositions, and gave judgment against the defendant, for the sum of $2,748 35, with legal interest from the judicial demand. The defendant took a devolutive appeal, and the tutor *Hutchinson*, who now prosecutes the suit, asks that the judgment be amended in his favor, and that all his oppositions be sustained.

It is in evidence that the plaintiff sued out upon the judgment an execution, which was returned, " no property found;" and the defendant's counsel contend that he is estopped by this proceeding from asking that the judgment be amended in his favor. If the plaintiff himself acquiesced in the judgment, the question whether a tutor can in any case waive the right of appeal would be presented for our consideration ; but as the defendant asks its reversal, it is evident that we cannot open it in part, and that our decision must embrace the whole merits of the controversy.

Before examining the opposition in detail, it is necessary to state some of the facts of the case. The defendant and *Silas F. Hudson* were ordinary partners in a sugar plantation and slaves. The defendant and *Wm. E. Thompson* were commercial partners in New Orleans. The agricultural firm of *Hudson & Lambeth* had for its factors the commercial firm of *Lambeth & Thompson*, from whom they had received large advances. *Hudson* died in October, 1839, leaving one child, the present plaintiff in interest, and, so far as the record shows, possessed of no other property but his interest in the partnership of *Hudson & Lambeth*. The defendant caused himself to be appointed tutor of the minor, and continued, as surviving partner, to manage the plantation on joint account. At the death of *Hudson* the agricultural partnership owed a large sum to *Lambeth & Thompson*, and *Hudson* himself was indebted to them. It is proved that, with the consent of *Hudson*, interest at the rate of ten per cent per annum was from the beginning charged by *Lambeth & Thompson* on their advances, and a like interest allowed on the balances against them. After the death of *Hudson* the defendant continued this arrangement, and the house of *Lambeth & Thompson* received and sold five crops under it, and rendered their accounts in conformity therewith. The defendant has taken the account thus rendered as the basis of his own ; and the first opposition made by the plaintiff is to the charge of interest at the rate of ten per cent per annum in those accounts.

The relation in which the defendant stood towards the minor, and his interest in the commercial firm, have induced us to give to this part of the opposition a strict and thorough investigation. We are bound to say that, the evidence in

the record has satisfied us that there was nothing illegal or unfair in the transaction complained of. It was manifestly for the interest of the minor that the property should not be sold to pay the debts, and this is shown to have been the only practicable way to prevent a sale. At a time of great commercial embarrassment, *Lambeth & Thompson* gave time for the payment of their claim, and made the advances necessary to carry on the plantation, on the terms then usual in similar undertakings. It is not shown that arrangements more favorable to the minor could have been made ; and no liability or reproach attaches to the defendant by reason of them.

The next item opposed is. a charge of ten per cent on the gross proceeds of the sales of the five crops made by him, which he claims as commissions on the revenues of the minor, under art. 342 of the Civil Code. This opposition should have been sustained. The defendant was administering the property of the partnership, as surviving partner, and not as tutor of the minor, who was a beneficiary heir and as such entitled only to whatever might remain after payment of the debts. Under the arrangements made by the defendant, the revenues of the property belonged to *Lambeth & Thompson.* They gave time, and made advances on that condition : and the defendant cannot charge a commission of ten per cent on the thing pledged by him to his own firm for the payment of those advances. As administrator he was entitled to two-and-a-half per cent on the monies that came into his hands ; and he will further been-titled, as tutor, to a commission of ten per cent upon the amount now in his hands belonging to the minor.

The opposition to the overcharge made by *Lambeth & Thompson* of two and a half per cent commissions on a cash balance of $2876 31, was improperly sustained for the whole. The defendant has paid half of it, and the plaintiff is only entitled to a credit for the other half.

The claim for lumber sold to *Breaux* was properly allowed. The defendant had no right to give away the property of the minor, to get clear of a hard bargain made by himself. The cash mentioned in the inventory of *Hudson,* and the overcharge for the taxes of 1838, were also properly allowed to the defendant.

The defendant admits his indebtedness to the minor in the sum of $626 53 ; and we are of opinion that there is no error in the judgment appealed from on the remaining oppositions. Under the view taken by the court, the defendant has in his hands belonging to the minor and forming part of his revenues, a sum of $2369 56, upon which he is entitled to a commission of ten per cent.

It is therefore decreed that the judgment in this case be reversed, and that *Holmes Hutchinson,* tutor of *Franklin Hudson,* recover from the defendant the sum of $2132 61, with legal interest thereon from the 8th December, 1843, till paid, and the costs of the court below : those of this appeal to be paid by the plaintiff and appellee.